Elliott BEVERLEY, Petitioner–Appellant,

v.

R.Q. HICKMAN, Warden, Respondent–Appellee.

No. 03–16819.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 20, 2004.

Elliott Beverley, Represa, CA, pro se.

Erik R. Brunkal, Deputy Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM **

California state prisoner Elliott Beverley appeals *pro se* the judgment of the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

district court denying his petition for writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Beverley contends that he received constitutionally ineffective assistance of counsel at trial because counsel failed to present expert testimony on the physical and mental effects of voluntary intoxication.

The California Superior Court's rejection of this claim, however, was neither contrary to, nor involved an unreasonable application of, *Strickland v. Washington,* 466 U.S. 668, 690–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that to obtain habeas relief on grounds of ineffective assistance of counsel defendant must show; (1) deficient performance falling outside the wide range of professionally competent assistance; and, (2) a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). Accordingly, Beverley is not entitled to habeas relief. *See* 28 U.S.C. § 2254(d)(1).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.